# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-40705
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN GARCIA,

*Defendant—Appellant*.

―――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-1848-1

―――――――――――――――――――

Before JOLLY, JONES, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Jonathan Garcia appeals his conviction for possession of a firearm by a convicted felon. Garcia contends that his conviction under 18 U.S.C. § 922(g)(1) violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and that § 922(g)(1) exceeds Congress's power to regulate under the Commerce Clause. Garcia correctly

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-40705

concedes that his Commerce Clause argument is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

On appeal, Garcia presents both facial and as-applied challenges to the constitutionality of § 922(g)(1) in light of *Bruen*. Garcia's facial challenge to § 922(g)(1) is foreclosed by our recent decision in *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024). Regarding Garcia's unpreserved as-applied challenge, we have rejected plain-error Second Amendment challenges to § 922(g)(1) because the lack of binding precedent holding § 922(g)(1) to be unconstitutional post-*Bruen* means that any error is neither clear nor obvious. *See United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

For the foregoing reasons, we AFFIRM Garcia's conviction.